
TEN NORTH DEARBORN STREET    SIXTH FLOOR    CHICAGO, ILLINOIS 60602

JOHN TANGREN
JTANGREN@DICELLOLEVITT.COM
312.214.7900

September 6, 2024

**VIA CM/ECF**

Kelly L. Stephens, Clerk of Court
United States Court of Appeals for the Sixth Circuit
100 East Fifth Street, Room 540
Potter Stewart U.S. Courthouse
Cincinnati, Ohio 45202-3988

    Re: No. 23-5950, *In re: Nissan North America, Inc.*

Dear Ms. Stephens:

  Pursuant to Federal Rule of Appellate Procedure 28(j), Plaintiffs-Appellees respectfully bring to the Court's attention its recent decision in *Speerly v. General Motors, LLC*, No. 23-1940, -- F.4th ----, 2024 WL 3964115 (6th Cir. Aug. 28, 2024), affirming the district court's decision granting class certification to plaintiffs from twenty-six states who allege an automobile defect. *Id*. at *1. *Speerly* strongly supports affirmance here.

  In *Speerly*, this Court held that certain purportedly individualized issues do not defeat class certification, finding they were all merits-based issues suited for disposition on summary judgment or post-trial. *Id*. at *8. "Although there will inevitably be some variation among each of the Plaintiffs' claims, the core issues identified by the district court" involve: (1) whether the class vehicles have defects that render them unsuitable for their ordinary use; (2) whether the defendant knew about the defects and concealed its knowledge from buyers; and (3) whether the information withheld would have been material to a reasonable car buyer. *Id*. These common issues all sufficed to sustain class certification.

  The Court also rejected GM's arguments, likewise raised by Nissan, about supposed variation in vehicle makes/models and class members' experiences of the alleged

defect, explaining they do not raise individualized issues because plaintiffs' claims rest on alleged defects in the vehicles' transmissions rather than any alleged issues with particular makes/models. *Id*. at *10. And regarding class members' experiences, the relevant question "is whether the alleged defect would have impacted an *objective* consumer's decision to purchase the product." *Id*. (emphasis in original). Such a question is plainly susceptible to class-wide proof. *Id.*

Nor did the Court find that variations among state-law requirements for the plaintiffs' warranty, consumer fraud, and fraudulent concealment claims defeated class certification—an argument Nissan similarly advances here. *Id.* at *10-18. The district court likewise did not abuse its discretion when it declined to consider in full any damages differences between former and current vehicle owners before the case reaches the merits stage. *Id*. at *18.

*Speerly*, thus, provides solid grounds for affirming the district court's decision to grant class certification here.

Respectfully submitted,

*/s/ John Tangren*
John Tangren

## **CERTIFICATE OF SERVICE AND COMPLIANCE**

This letter complies with the world limitation of Federal Rule of Appellate Procedure 28(j) and this Circuit's local rules because this letter contains 349 words as determined by Microsoft Word.

I hereby certify that on September 6, 2024, I electronically filed the foregoing letter with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system.

*/s/ John E. Tangren*